**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3891-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

REGINALD I. EAFORD-MOSES,
a/k/a REGINALD EAFFORD,
REGINALD I. EAFORDMOSES
and REGINALD EAFORD,

     Defendant-Appellant.

_____

Submitted February 10, 2021 – Decided March 5, 2021

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-03-0240.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Reginald I. Eaford-Moses appeals from an order denying his post-conviction relief (PCR) petition which sought the reversal of his conviction in Union County for second-degree eluding, N.J.S.A. 2C:29-2(b), and a motor vehicle offense, driving while suspended, N.J.S.A. 39:3-40. He argues the court erred by finding his petition was barred under Rule 3:22-4(a) because his claim the sentencing court failed to properly award jail credits could have been raised on direct appeal. He also contends the court erred by failing to hold an evidentiary hearing on his claim that his plea counsel was ineffective by misinforming him about the jail credits the court would award at sentencing. Unpersuaded by defendant's arguments, we affirm.

I.

As the result of a November 2014 incident during which it is alleged defendant fled in his vehicle after it was stopped by the police, a Union County grand jury charged defendant in a March 2015 indictment with second-degree eluding, N.J.S.A. 2C:29-2(b); fourth-degree aggravated assault on a police officer, N.J.S.A. 2C:12-1(b)(5); third-degree exhibiting false identification,

2

N.J.S.A. 2C:21-2.1(c); and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(4). Defendant was also charged with three motor vehicle offenses.[1]

In October 2015, defendant was charged in Essex County with a violation of probation on a prior conviction for third-degree eluding, N.J.S.A. 2C:29-2(b). Following a determination defendant violated probation, on June 27, 2016, the court resentenced defendant to a five-year prison term on the third-degree eluding charge.[2] The court awarded defendant 483 days of jail credit and 35 days of prior service credit on the sentence imposed.[3]

---

[1] Defendant was charged with driving while suspended, a third offense, N.J.S.A. 39:3-40; driving while on a cellphone, N.J.S.A. 39:4-97.3; and reckless driving, N.J.S.A. 39:4-96.

[2] The judgment of conviction on the Essex County charge is not included in the record on appeal. We discern the facts related to the conviction from the PCR court's decision and the parties' respective briefs on appeal, all of which reflect that the court imposed a five-year custodial term on the third-degree eluding charge.

[3] As noted by the PCR court, in his amended verified PCR petition, defendant erroneously asserted the court awarded 518 days of jail credit and 25 days of prior service credit when he was resentenced in Essex County. The original judgment of conviction on the resentencing incorrectly awarded those jail and prior service credits, but it was later amended to award defendant 483 days of jail credit and 35 days of prior service credit. On appeal, defendant does not dispute that the amended judgment of conviction in the Essex County matter, as described by the PCR court, accurately sets forth the jail and prior service credits awarded at his resentencing on the third-degree eluding charge.

A-3891-18

Two months later, defendant negotiated a plea agreement with the State resolving the charges in the Union County indictment. On August 22, 2016, defendant pleaded guilty to second-degree eluding and a motor vehicle offense, driving while suspended. In exchange for the pleas, the State recommended that defendant receive a sentence not to exceed six years on the eluding charge, concurrent to any sentences defendant received for state and federal convictions in other matters.[4] The plea agreement was contingent on the court including language in the judgment of conviction stating, "[T]his sentence will be served in . . . federal custody."

The plea agreement's terms were set forth in a written plea form. In response to questioning by the court, defendant testified "[t]he only agreement" he had with the State "is what is on [his] plea form." The plea form required that defendant "[l]ist any other promises or representations that [were] made by . . . [his] defense attorney, or anyone else as a part of this plea of guilty." Defendant did not list any promises or representations by his counsel concerning the award of jail, prior service, or gap time credits at sentencing. The plea agreement, as explained by the court and reflected on the plea form, did not

---

[4] It was also agreed defendant would receive the minimum mandatory sentence on the driving-while-suspended charge, and that sentence would run concurrent to the sentence on the eluding charge.

include any promises, commitments, or conditions concerning credits defendant would receive at sentencing.

During the plea proceeding, defendant testified he read and reviewed the plea form with his counsel, it accurately set forth the plea agreement, and he understood and correctly answered all the form's questions. The court explained it would include language in the judgment of conviction allowing defendant to serve his sentence in federal custody, but that it did not have authority over defendant's service of his sentence on his federal court convictions. The court informed defendant that if federal authorities did not allow him to serve his state court sentence during his federal sentence, he would be required to first complete his state court sentence on the second-degree eluding charge before beginning service of his federal sentence. The court explained those circumstances would result in defendant's service of consecutive sentences on his state and any federal convictions, and that the occurrence of such circumstances would not provide grounds for the withdrawal of defendant's pleas. Defendant testified that he understood and wanted to plead guilty to the second-degree eluding and driving-while-suspended offenses.

Defendant testified concerning his commission of the offenses, and the court determined he provided a factual basis supporting his guilty pleas to

5

second-degree eluding and driving while suspended. The court questioned defendant about his decision to waive his right to appear at sentencing, and found the waiver was knowing and voluntary. The court accepted defendant's pleas of guilty and scheduled his sentencing.

At the September 30, 2016 sentencing, the court noted defendant had eighteen prior convictions for indictable offenses, and found aggravating factors three, the risk defendant will commit other offenses, N.J.S.A. 2C:44-1(a)(3); six, the nature and extent of defendant's prior criminal history, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court found the aggravating factors substantially outweighed the non-existent mitigating factors, and it imposed sentence in accordance with the plea agreement. The court sentenced defendant to an aggregate six-year custodial term, concurrent but not conterminous with the sentences on defendant's other state and federal convictions. The court awarded defendant 232 days of jail credit and 94 days of gap time credit. Defendant did not appeal from his conviction and sentence.

In June 2018, defendant filed a pro se PCR petition challenging his Union County conviction for second-degree eluding and requesting that the jail credits awarded on his Essex County resentencing be "add[ed]" to the judgment of

conviction for second-degree eluding. He also vaguely claimed his Union County plea counsel was ineffective by failing to "mention[]" the "conditions on [sic] the plea . . . during sentencing" and "never rais[ing] the issue."

In an amended petition, defendant claimed his plea counsel was "deficient" by: advising defendant the court in Union County would award him the same 483 days of jail credit and 35 days of prior service credit on the second-degree eluding charge that the court in Essex County awarded when it resentenced defendant on the third-degree eluding charge; and advising defendant he would also receive gap time credit on his Union County sentence. Defendant asserted plea counsel said the award of those credits would make his sentences in the Union and Essex County matters "fully concurrent and not partially consecutive as they are now." Defendant further claimed his plea counsel in the Union County matter provided ineffective assistance by failing to make "the [c]ourt aware of the sentencing [on] the Essex County [violation of probation]" when the court sentenced defendant for second-degree eluding.[5]

---

[5] In his amended petition, defendant also alleged the New Jersey Department of Corrections erred by failing to apply the jail credits on the two sentences "concurrently" and by instead applying the jail credits "consecutively." We do not address the claim, or offer any opinion on it, because defendant does not reprise it on appeal.

In his amended petition, defendant sought an amendment of his judgment of conviction in the Union County matter to reflect the same sentencing date as in the Essex County case. He also sought an award of the same jail and prior service credits in the Union County case that he received in the Essex County case, so that the sentences are what he characterized as "fully concurrent."

After hearing argument on defendant's petition, the court issued a written statement of reasons explaining its denial of the petition without an evidentiary hearing. The court found defendant's claim the sentencing court erred by failing to properly award jail credits on the second-degree eluding charge was barred by Rule 3:22-4(a) because the jail credit award could have been challenged on a direct appeal. The court further explained that, as a matter of law, defendant was awarded all the jail and gap time credits to which he was entitled when he was sentenced on the second-degree eluding charge.

The court also found defendant failed to sustain his burden of establishing a prima facie claim of ineffective assistance of counsel under the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The court found defendant did not make a prima facie showing plea counsel's performance was deficient because defendant's factual claims constituted bald assertions

untethered to any affidavit or certification. The court also found defendant's claims about plea counsel were undermined by defendant's testimony during the plea proceeding that the plea form set forth all the conditions of his plea agreement and no other promises were made to him other than those listed on the plea form. The court further observed that the plea form makes no mention of jail credits. The court noted that to establish a prima facie case under the Strickland standard where the conviction results from a plea, a defendant must demonstrate "that, 'but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Defendant appeals from the court's order denying the PCR petition without an evidentiary hearing. He offers the following arguments for our consideration:

POINT ONE

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS BASED UPON CONVERSATIONS WHICH WERE OUTSIDE THE RECORD AND COULD ONLY BE RESOLVED WITH THE TRIAL ATTORNEY'S TESTIMONY.

9 <span>A-3891-18</span>

POINT TWO

THE TRIAL COURT ERRED IN ITS DETERMINATION THAT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS BARRED BECAUSE THE ISSUES SHOULD HAVE BEEN BROUGHT ON DIRECT APPEAL.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards here.

In Strickland, the Supreme Court adopted a two-pronged test for determining a PCR claim based on the alleged ineffective assistance of counsel. 466 U.S. at 687. First, a petitioner must show counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. Second, a "defendant must show that the deficient performance prejudiced the defense." Id. at 687. There must be "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

To satisfy the second prong of the Strickland standard where a defendant seeks to set aside a conviction based on a guilty plea, he or she must also "convince the court that a decision to reject the plea bargain" and proceed to trial "would have been rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)); see also State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009). That determination must be "based on evidence, not speculation." Ibid.

Defendant does not contend the sentencing court erred in its determination of the jail and gap time credits it awarded on defendant's sentence for second-degree eluding. We independently find no basis to conclude the sentencing court erred in awarding jail and gap time credits when it sentenced defendant on the second-degree eluding charge.[6] Defendant concedes he was ineligible to receive the identical jail and gap time credits on his sentence for the second-degree eluding charge in Union County that he received in Essex County on his resentencing on the third-degree eluding offense.

---

[6] In its written statement of reasons, the PCR court provided a detailed explanation of the bases for the sentencing court's award of jail and gap time credits on the second-degree eluding charge.

Defendant instead contends plea counsel's performance was deficient because counsel misinformed him that he would receive the same jail and prior service credits that he received on his Essex County sentence—518 days in total—when he was sentenced in Union County on the second-degree offense. Defendant claims his plea counsel's incorrect advice to the contrary constitutes deficient performance under Strickland's first prong.

We reject the PCR court's finding that defendant's assertions about plea counsel's alleged provision of incorrect advice constituted bald assertions that did not support defendant's petition. See generally State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (explaining "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard). Although the court correctly recognized factual assertions supporting a prima facie case of ineffective assistance of counsel must be supported by an affidavit or certification based on personal knowledge, or other competent evidence, see R. 3:22-10(c); see also State v. Jones, 219 N.J. 298, 312 (2014), it erred by finding defendant's factual assertions were not adequately supported. Defendant's factual claims are detailed in his amended petition, which he verified based on

his own "personal knowledge" as "true and correct."[7] For purposes of assessing the adequacy of defendant's effort to demonstrate a prima facie claim of ineffective assistance of counsel, the court should have accepted defendant's factual assertion that plea counsel provided erroneous representations concerning the jail and prior service credits defendant would receive when he was sentenced on the second-degree eluding charge. See State v. Preciose, 129 N.J. 451, 462-63 (1992) (explaining a court considering a PCR petition "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim").

The court's error, however, does not require reversal of its denial of defendant's petition. We need not consider or determine, as the PCR court did, whether defendant's claims about his counsel's alleged errors are undermined by the plea proceeding record or sufficiently establish constitutionally deficient performance by plea counsel. "Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted

---

[7] In the PCR court's statement of reasons, it states defendant's amended petition includes an "unsigned and undated [v]erification." The record on appeal, however, shows the amended petition was supported by a verification defendant signed and dated on December 15, 2018. The State does not dispute the signed and dated verification included in defendant's appendix on appeal was submitted to the PCR court in support of defendant's petition.

leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). Here, defendant failed to present any evidence addressing the second prong of the Strickland standard.

In his amended petition providing the alleged facts supporting his ineffective assistance of counsel claim, defendant did not demonstrate there is a reasonable probability that but for his counsel's alleged errors, he would have rejected the plea offer and proceeded to trial. See Maldon, 422 N.J. Super. at 486. Indeed, defendant's amended petition and brief on appeal do not include any facts, evidence, or argument addressed to Strickland's "second, and far more difficult, prong." Preciose, 129 N.J. at 463.

Defendant also did not present any evidence that but for his counsel's alleged errors, it would have been rational for him to forego the benefits of the plea agreement and proceed to trial. Maldon, 422 N.J. Super. at 486. Without such evidence, defendant did not satisfy Strickland's second prong, and, for that reason alone, the PCR court correctly concluded defendant did not establish a prima facie case of ineffective assistance of his plea counsel. See Strickland, 466 U.S. at 700 (explaining a failure to establish both prongs of the Strickland

standard requires denial of a PCR petition); see also State v. Nash, 212 N.J. 518, 542 (2013) (same).

Defendant's failure to present any evidence he was prejudiced under the second prong of the Strickland standard required the denial of his petition for PCR. Strickland, 466 U.S. at 700. Similarly, defendant's failure to establish the second prong of the standard required the court's denial of his request for an evidentiary hearing. See, e.g., Preciose, 129 N.J. at 462 (explaining an evidentiary hearing is not required where a defendant does not establish a prima facie case of ineffective assistance of counsel); see also R. 3:22-10(b) (providing in part that "[a] defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief").

It is unnecessary to address in detail defendant's claim the court erred by finding his petition was barred by Rule 3:22-4(a) because his claim the sentencing court erred by failing to properly award jail credits could have been raised on direct appeal. The issue is moot because defendant does not argue on appeal, as he somewhat confusingly suggested in his PCR petition, that the sentencing court erred in its award of jail and gap time credits. The PCR court correctly determined that such a claim, to the extent it might reasonably have

been discerned from defendant's submissions, could have been asserted in a direct appeal and therefore is barred under Rule 3:22-4(a).

On appeal, defendant argues the sentencing court correctly awarded jail and gap time credits on his sentence and claims only that he is entitled to PCR because his plea counsel provided erroneous advice about the jail and gap time credits the court would award at sentencing. The PCR court did not determine defendant's claim about plea counsel's alleged ineffective assistance was barred under Rule 3:22-4(a), and, for the reasons noted, we are convinced the PCR court correctly decided that claim on the merits.

Any argument presented by defendant that we have not expressly addressed is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3891-18